PATIENCE DRAKE ROGGENSACK, J.
¶ 1. This is a review of a published decision of the court of appeals[1] that affirmed the judgment of conviction entered by the *565 Racine County Circuit Court.[2] Relevant to this appeal, defendant Courtney C. Beamon was convicted of fleeing or attempting to elude a traffic officer, in violation of Wis. Stat. § 346.04(3) (2009-10).[3] Beamon argues that, under the particular jury instructions given in this case, there was insufficient evidence to convict him of fleeing or attempting to elude a traffic officer. Specifically, Beamon claims that the jury instructions required the State to prove beyond a reasonable doubt that Beamon violated § 346.04(3) "by increasing the speed of the vehicle to flee," and that there was no evidence that Beamon increased the speed of his vehicle after law enforcement officers began to pursue him.
¶ 2. Wisconsin Stat. § 346.04(3) sets out the two requirements necessary for commission of the offense charged. The second requirement may be proven in three different ways. That is, § 346.04(3) does not require that the defendant's flight or attempt to elude have been accomplished by the defendant increasing the speed of his vehicle to flee, as the instructions given in this case provided. Beamon's argument, therefore, rests on his contention that the sufficiency of the evidence must be evaluated by comparison with the jury instructions actually given, even though those instructions added a requirement to the statutory definition of the crime.
¶ 3. We conclude that jury instructions that add requirements to what the statute sets out as necessary to prove the commission of a crime are erroneous; and therefore, we examine the sufficiency of the evidence in *566 this case by comparison to what the statute requires and not by comparison to an additional requirement in the jury instructions. Furthermore, jury instruction errors are subject to harmless error analysis, which we apply here. A harmless error analysis asks whether, based on the totality of the circumstances, it is clear beyond a reasonable doubt that a rational jury, properly instructed, would have found the defendant guilty.
¶ 4. We conclude that under the totality of circumstances, it is clear beyond a reasonable doubt the jury would have found Beamon guilty of fleeing or attempting to elude an officer absent the erroneous jury instruction. The evidence at trial unquestionably supported the jury's verdict that Beamon violated the fleeing or eluding statute. Accordingly, we conclude that there was sufficient evidence to convict Beamon, and we affirm the decision of the court of appeals.
I. BACKGROUND
¶ 5. In the early morning hours of November 19, 2007, off-duty Racine Police Officer Dennis Cecchini and another officer were working as private security guards at the American Legion Bar in Racine. At approximately 12:45 a.m., the officers heard multiple gunshots. After radioing police dispatch, the two officers left the bar to investigate. Officer Cecchini heard two more gunshots, and took cover behind a parked vehicle.
¶ 6. Officer Cecchini then observed a male figure run from the porch of a nearby house in a crouched position and enter a vehicle parked near the house. Cecchini again radioed dispatch to describe the vehicle and to provide information about the vehicle's direction of travel, noting that the vehicle was driving north, with its headlights extinguished.
*567 ¶ 7. As he was speaking to the dispatcher, Cecchini heard Racine Police Officer Frank Miller remark on the radio that he saw the vehicle that Cecchini had described. At that point, Officer Miller activated his emergency lights and siren and began following the vehicle, which he noted was travelling approximately 45 to 50 miles per hour in a 30 miles-per-hour zone.
¶ 8. When Officer Miller began pursuit, he was approximately three-quarters of a block behind the speeding vehicle. As the vehicle slowed to negotiate a soft right turn, Officer Miller closed the distance between his squad car and the other vehicle. After negotiating the turn, the vehicle continued driving toward an intersection controlled by a four-way stop sign. The vehicle, still with its lights off, drove through the intersection without stopping or slowing down.
¶ 9. Immediately after the vehicle passed through the intersection, Officer Miller saw the suspect roll out of the driver's-side door of the vehicle, which was then travelling approximately 25 miles per hour. The vehicle then ran over the suspect's legs and collided with a parked car.
¶ 10. After the suspect was run over by his vehicle, he stood up and began running away from Officer Miller's squad car. For a short time, Officer Miller remained in his squad car as he pursued the suspect, with the lights and sirens still activated. After coming within a few feet of the suspect, Officer Miller exited his vehicle and began pursuing on foot. During the chase, Officer Miller issued various orders to the suspect, all of which the suspect disregarded. After a lengthy chase, Miller finally knocked the suspect to the ground, placed him in handcuffs, and took him to the hospital for medical treatment.
*568 ¶ 11. The suspect, later identified as Beamon, was charged in an eight-count information, including repeater enhancements for all counts. The charge relevant to Beamon's current appeal is Count 1, Vehicle Operator Flee/Elude Officer, in violation of Wis. Stat. § 346.04(3). For that charge, the information provided that: "On or about 11-19-2007... [defendant Beamon did] unlawfully and feloniously, as the operator of a vehicle, after having received a visual or audible signal from a traffic officer, or marked police vehicle, knowingly flee or attempt to elude any traffic officer by willful or wanton disregard of such signal so as to interfere with or endanger the operation of the police vehicle, or the traffic officer or other vehicles or pedestrians, or did increase the speed of the vehicle or extinguish the lights of the vehicle in an attempt to elude or flee ...."
¶ 12. At trial, the jury heard testimony from Officer Cecchini describing the gunshots and the suspect's subsequent flight in a vehicle with its headlights extinguished. The jury also heard Officer Miller's testimony regarding the car chase, the suspect's exit from his moving vehicle, and the foot chase ending with Beamon's arrest.
¶ 13. Additionally, the jury heard Beamon's testimony, which generally corroborated the officers' testimonies. For example, Beamon testified to having been near the location of the shots fired; having gotten into the car and driven away with his headlights extinguished; and having rolled out of the vehicle while it was still moving. Beamon also did not challenge Officer Miller's testimony that Miller had activated his emergency lights and siren during the pursuit; instead, Beamon asserted that he did not remember seeing or hearing the emergency signals until he approached the *569 stop sign, at which point he rolled out of his vehicle. Beamon also testified that he had been extremely intoxicated that night.
¶ 14. During the course of the trial, the jury twice heard the charge against Beamon for fleeing or eluding, exactly as set forth in the information. The jury first heard the charge during jury selection, when assistant district attorney Sharon Riek read the entire information. The second time the jury heard the information was when Judge Mueller read the charge, as set forth in the statute, immediately before reading the jury instructions for the charged offense.
¶ 15. The instructions that the jury heard immediately following Judge Mueller's reading of the information did not track the language used in either Wis. Stat. § 346.04(3) or in the information. Instead, the instructions provided that:
Sec. 346.04(3) of the Wisconsin Statutes is violated by a person who operates a motor vehicle on a highway after receiving a visual or audible signal from a marked police vehicle and knowingly flees any traffic officer by willful disregard of such signal so as to interfere with or endanger the traffic officer by increasing the speed of the vehicle to flee. Before you may find the defendant guilty of this offense, the State must prove by evidence which satisfies you beyond a reasonable doubt that the following two elements were present.
First, the defendant operated a motor vehicle on a highway after receiving a visual and audible signal from a marked police vehicle.
Secondly, the defendant knowingly fled a marked squad car by willful disregard of the visual or audible signal so as to interfere with or endanger the traffic officer by increasing the speed of the vehicle to flee.
(Emphases added.) The jury found Beamon guilty of *570 fleeing or eluding a traffic officer, as well as the other seven counts charged. The circuit court subsequently entered a judgment of conviction on the jury verdict, and Beamon was sentenced.
¶ 16. Beamon appealed his conviction for fleeing or eluding, alleging that the evidence was insufficient to convict him, based on the jury instructions. Namely, Beamon argued that there was no evidence that he had increased the speed of his vehicle after Officer Miller began pursuing him, and that without such a showing, the State had failed to prove fleeing or eluding as that charge was stated in the jury instructions.
¶ 17. In a published opinion, State v. Beamon, 2011 WI App 131, 336 Wis. 2d 438, 804 N.W.2d 706, the court of appeals affirmed Beamon's conviction, concluding that the jury instructions on fleeing or eluding were erroneous, but that any discrepancy between the jury instructions and the charged offense was harmless. The court also concluded that the evidence was sufficient to affirm the conviction when measured against the offense charged. Id,., ¶¶ 11-12. Beamon petitioned this court for review, which we granted.
II. DISCUSSION
A. Standard of Review
¶ 18. Beamon argues that the evidence presented was insufficient to convict him of fleeing or eluding a traffic officer under the requirements of the charge as stated in the jury instructions. Because the jury instructions did not conform to the requirements of the offense of fleeing or eluding as set forth in Wis. Stat. § 346.04(3), Beamon's challenge requires us to deter *571 mine, as a threshold matter, whether the jury instructions correctly stated the statutory requirements for conviction of the crime. Whether jury instructions accurately state the applicable law presents a question of law, which we review independently of the circuit court and the court of appeals, benefiting from their analyses. See State v. Fonte, 2005 WI 77, ¶ 9, 281 Wis. 2d 654, 698 N.W.2d 594.
¶ 19. Where jury instructions do not accurately state the controlling law, we will examine the erroneous instructions under the standard for harmless error, which presents a question of law for our independent review. See State v. Harvey, 2002 WI 93, ¶ 18, 254 Wis. 2d 442, 647 N.W.2d 189.
¶ 20. Finally, if we determine the jury instruction error was harmless, we will evaluate the sufficiency of the evidence under the correct legal standard, and when applying that standard, we will not overturn the jury's verdict "unless the evidence, viewed most favorably to the state and the conviction, is so lacking in probative value and force that no trier of fact, acting reasonably, could have found guilt beyond a reasonable doubt" based on the statutory requirements of the offense. See Fonte, 281 Wis. 2d 654, ¶ 10 (quoting State v. Poellinger, 153 Wis. 2d 493, 507, 451 N.W.2d 752 (1990)) (internal quotation marks omitted).
B. Sufficiency of the Evidence
1. Legal principles
¶ 21. The standard for reviewing the sufficiency of the evidence is highly deferential to a jury's verdict, *572 and provides that an appellate court may not overturn a jury's verdict unless the evidence, viewed most favorably to sustaining the conviction, "is so insufficient in probative value and force that it can be said as a matter of law that no trier of fact, acting reasonably, could have found guilt beyond a reasonable doubt." Poellinger, 153 Wis. 2d at 501. Accordingly, a defendant challenging the sufficiency of the evidence bears a heavy burden to show the evidence could not reasonably have supported a finding of guilt. State v. Hanson, 2012 WI 4, ¶ 31, 338 Wis. 2d 243, 808 N.W.2d 390.
¶ 22. This heavy burden for defendants challenging the sufficiency of the evidence, however, begs the question presented in this case. Here, the question is whether the evidence is sufficient according to what standard: the jury instructions actually used, the statutory requirements of the crime, or some other legal standard, such as the complaint or the information? Generally, when the jury instructions conform to the statutory requirements of that offense, we will review the sufficiency of the evidence by comparison to those jury instructions. See, e.g., State v. Witkowski, 163 Wis. 2d 985, 991, 473 N.W.2d 512 (Ct. App. 1991). However, where the jury instructions do not accurately reflect the statute enacted by the legislature, we cannot review the sufficiency of the evidence with the jury instructions as our standard. See State v. Zelenka, 130 Wis. 2d 34, 48-49, 387 N.W.2d 55 (1986); see also Jackson v. Virginia, 443 U.S. 307, 318 (1979) (recognizing that "the critical inquiry on review of the sufficiency of the evidence ... must be not simply to determine whether the jury was properly instructed, but to determine whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt.").
*573 ¶ 23. When reviewing the sufficiency of the evidence, we cannot rely on an erroneous statement of the statute in the jury instructions as our standard, because doing so would, in effect, allow the parties and the circuit court in that case to define an ad hoc, common law crime. Cf. State v. Baldwin, 101 Wis. 2d 441, 446-47, 304 N.W.2d 742 (1981) (holding that conviction required proof beyond a reasonable doubt of statutory requirements of a criminal offense, rather than requirements as set forth in the complaint and information). Allowing parties or courts to establish the requirements necessary to constitute a crime is contrary to the established principle in Wisconsin that there are no common law crimes and that all crimes are defined by statute. See Wis. Stat. § 939.10 (abolishing common law crimes); Wis. Stat. § 939.12 (defining crime as "conduct which is prohibited by state law").
¶ 24. Accordingly, a jury instruction that does not accurately state the statutory requirements for the crime charged constitutes an erroneous statement of the law. See Zelenka, 130 Wis. 2d at 48; State v. Ferguson, 2009 WI 50, ¶ 44, 317 Wis. 2d 586, 767 N.W.2d 187 (noting that even a jury instruction "that is incomplete, but is in all other respects a correct statement of the law, may be erroneous"). Such instructional errors are presumed to be subject to harmless error analysis. See Hedgpeth v. Pulido, 555 U.S. 57, 61 (2008) (noting that "while there are some errors to which harmless-error analysis does not apply, they are the exception and not the rule") (internal quotation marks and alterations omitted). Harmless error analysis is appropriate when examining erroneous jury instructions "so long as the error at issue does not categorically *574 vitiate all the jury's findings." Id. (quoting Neder v. United States, 527 U.S. 1, 11 (1999)) (internal quotation marks omitted). Often, such errors involve omissions from the jury instructions, whereby the State is relieved of the burden of proving one or more requirements of an offense. See, e.g., State v. Smith, 2012 WI 91, ¶¶ 60-63, 342 Wis. 2d 710, 817 N.W.2d 410 (reaffirming that harmless error analysis applies where jury instructions erroneously omitted a requirement that, under the Sixth Amendment, the jury should have been required to find), cert. denied, 133 S. Ct. 635 (2012).
¶ 25. If an error that relieves the State of part of its burden can be harmless, then, logically, a jury instruction that directs the State to prove additional requirements also may be subjected to a harmless error analysis. See Zelenka, 130 Wis. 2d at 48-49; State v. Courtney, 74 Wis. 2d 705, 715-16, 247 N.W.2d 714 (1976). These types of errors typically attempt to increase the State's burden by requiring the State to prove, beyond a reasonable doubt, certain facts that are not part of the statutory definition of the relevant offense. See Courtney, 74 Wis. 2d at 716 (upholding guilty verdict where jury instructions required additional finding, not required by the offense charged).[4] *575 Accordingly, as the United States Supreme Court has stated, because harmless error analysis can apply where a statutory requirement is withdrawn from the jury's consideration, refusing to allow harmless error analysis where the jury instructions include additional requirements would be "patently illogical." See Hedgpeth, 555 U.S. at 61 (holding that harmless error analysis applies where jury was instructed on alternative theories of guilt).
¶ 26. Given that harmless error analysis applies in the context of jury instructions that omit statutory requirements, see Harvey, 254 Wis. 2d 442, ¶ 47, as well as jury instructions that include extra considerations beyond what the statute requires, see Hedgpeth, 555 U.S. at 61, we conclude that harmless error analysis is appropriate where jury instructions include a requirement in addition to that set forth in a statute, such as occurred in Beamon's case. To illustrate, in Beamon's case, the jury was asked whether Beamon interfered with or endangered the traffic officer "by increasing the speed of [his] vehicle to flee." (Emphasis added.) Because such a connection suggests that the jury had to find that the defendant interfered with or endangered the officer by engaging in particular conduct, this type of requirement is distinguishable from requirements that are not related to the defendant's conduct; for example, a requirement for an offense that would direct the jury to find that a firearm is a "deadly weapon." Cf. Washington v. Recuenco, 548 U.S. 212, 215-16 (2006) (concluding that harmless error may apply where sentencing court determined that "firearm" enhancement *576 applied, although jury found defendant had used a "deadly weapon," rather than a "firearm"). Nonetheless, because instructional errors are subject to harmless error analysis, jury instructions that add an additional requirement also are subject to harmless error analysis.[5] See Hedgpeth, 555 U.S. at 61.
¶ 27. Therefore, where a juiy instruction erroneously states the applicable statute, we must determine whether, under the totality of the circumstances, the erroneous instruction constituted harmless error. See Harvey, 254 Wis. 2d 442, ¶ 46; see also State v. Mayo, 2007 WI 78, ¶ 48, 301 Wis. 2d 642, 734 N.W.2d 115 (listing several appropriate considerations for harmless error analysis). Under the standard for evaluating harmless error, when a court reviews a conviction based on a jury instruction that included an erroneous requirement, the court must ask whether it is " 'clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error.'" See Harvey, 254 Wis. 2d 442, ¶ 49 (quoting Neder, 527 U.S. at 18).
¶ 28. Where the erroneous instructions are determined to have been harmless, based on the totality of *577 the circumstances, a court should review the sufficiency of the evidence by comparing the evidence with the statutory requirements of the crime. See Zelenka, 130 Wis. 2d at 48-52. This conclusion is grounded in the defendant's constitutional right of "proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." In re Winship, 397 U.S. 358, 364 (1970). The corollary to this principle is that a defendant does not have a right to proof beyond a reasonable doubt for facts that are not required by the statutory statement of the crime. See United States v. Inman, 558 F.3d 742, 748 (8th Cir. 2009). Therefore, where a defendant challenges the sufficiency of the evidence and the challenge rests on an inaccurate statement of the law in the jury instructions, but the inaccurate statement of the law is determined to have been harmless, the defendant's sufficiency of the evidence challenge typically will fail. See Zelenka, 130 Wis. 2d at 48-52.
2. Application
¶ 29. Beamon claims that, based on the jury instructions for fleeing or attempting to elude in his case, there was insufficient evidence to support a finding of guilt beyond a reasonable doubt. Because a sufficiency of the evidence review requires us first to ascertain whether the jury instructions were in accord with controlling law, we begin our analysis of Beamon's claim with an examination of the controlling statute, Wis. Stat. § 346.04(3). That statute provides, in its entirety:
No operator of a vehicle, after having received a visual or audible signal from a traffic officer, or marked police vehicle, shall knowingly flee or attempt to elude any traffic officer by willful or wanton disregard of such *578 signal so as to interfere with or endanger the operation of the police vehicle, or the traffic officer or other vehicles or pedestrians, nor shall the operator increase the speed of the operator's vehicle or extinguish the lights of the vehicle in an attempt to elude or flee.
¶ 30. In State v. Sterzinger, 2002 WI App 171, ¶ 9, 256 Wis. 2d 925, 649 N.W.2d 677, the court of appeals examined the statutory requirements of the offense of fleeing or eluding under Wis. Stat. § 346.04(3). The court of appeals explained the offense as follows:
(1) No operator of a vehicle, after having received a visual or audible signal from a traffic officer, or marked police vehicle,
(2) shall knowingly flee or attempt to elude any traffic officer,
(3) by wilful or wanton disregard of such signal so as to interfere with or endanger the operation of the police vehicle, or the traffic officer or other vehicles or pedestrians.

Id.

¶ 31. As the court in Sterzinger noted, the first requirement — having operated a vehicle after receiving a visual or audible signal from a traffic officer or marked police vehicle — corresponds to the first requirement of the crime of fleeing or eluding. See id.; see also Wis JI — Criminal 2630. The court also noted that the second requirement "encompasses a knowing act (fleeing or attempting to elude the officer), which results in criminal liability under the statute if it is accompanied by one of three additional facts." Sterzinger, 256 Wis. 2d 925, ¶ 9. That is, the second and third requirements explained in Sterzinger — (2) knowingly fleeing/attempting to elude and (3) by willful or wanton disregard of the *579 signal so as to interfere with or endanger the officer, vehicles, or pedestrians — comprise one of the three methods of satisfying the second requirement of the offense. See Wis JI — Criminal 2630.
¶ 32. Under both the statute and the pattern instructions, however, there are also two other methods by which the second statutory requirement of the offense can be satisfied. Each of these methods requires proof beyond a reasonable doubt that "the defendant knowingly fled or attempted to elude a traffic officer," but each then provides a different method by which knowing flight or attempted eluding may be shown. The two other methods of showing fleeing or attempting to elude are "by increasing the speed of the vehicle" or "by extinguishing the lights of the vehicle." See Wis JI — Criminal 2630. These are alternatives and also separate from the "disregarding the visual or audible signal so as to interfere with or endanger" method discussed previously.
¶ 33. With this understanding of the statutory requirements of Wis. Stat. § 346.04(3), we turn to the jury instructions in Beamon's case to determine whether they properly stated the terms of the statute. Those instructions provide, in relevant part:
Statutory Definition of the Crime
Section 346.04(3) of the Wisconsin Statutes is violated by a person who operates a motor vehicle on a highway after receiving a visual or audible signal from a marked police vehicle and knowingly flees any traffic officer by willful disregard of such signal so as to interfere with or endanger the traffic officer by increasing the speed of the vehicle to flee.
State's Burden of Proof
Before you may find the defendant guilty of this *580 offense, the State must prove by evidence which satisfies you beyond a reasonable doubt that the following two elements were present.
Elements of the Crime That the State Must Prove
1. The defendant operated a motor vehicle on a highway after receiving a visual and audible signal from a marked police vehicle.
2. The defendant knowingly fled a marked squad car by willful disregard of the visual or audible signal so as to interfere with or endanger the traffic officer by increasing the speed of the vehicle to flee.
(Emphases added.)
¶ 34. Upon review of the instructions used in this case, we conclude that the instructions did not properly state the statutory requirements for fleeing or eluding under Wis. Stat. § 346.04(3). First, the instructions required that the jury find that the defendant received "a visual and audible signal from a marked police vehicle." Section 346.04(3), however, does not phrase the requirement in the conjunctive, and instead may be satisfied by a finding that the defendant received either a visual or an audible signal.
¶ 35. Second, and more importantly, the instructions combined two alternative methods of proving the second requirement of the offense. To reiterate, the second requirement of Wis. Stat. § 346.04(3) — that the defendant knowingly fled or attempted to elude an officer — may be demonstrated in one of three ways: (1) willful disregard of the signal so as to interfere with or endanger the officer, vehicles, or pedestrians; (2) increasing the speed of the vehicle; or (3) extinguishing the lights of the vehicle. In the instructions in Beamon's case, the first and second meth *581 ods of showing that the defendant knowingly fled or attempted to elude were erroneously set out as though both were required. The jury was therefore asked not only whether Beamon fled or attempted to elude by his willful disregard of the signal so as to interfere with or endanger, but also whether such interference or endangerment was in turn caused by Beamon having increased the speed of his vehicle.
¶ 36. The jury instructions for proving the second statutory requirement by two different factual predicates had the effect of creating an additional requirement for the offense of fleeing or eluding. This is contrary to the legislature's clear separation of the methods by which the State could show that a defendant's conduct satisfied the second statutory requirement of fleeing or attempting to elude an officer. The legislature chose alternative methods by which Wis. Stat. § 346.04(3) may be contravened; and therefore, we conclude that the instructions’ requirement of proof by two methods was erroneous.
¶ 37. Because the jury instructions were erroneous, we determine whether the error was harmless. Under the totality of the circumstances, as shown in the record, we are satisfied that the erroneous jury instructions were harmless: it is clear beyond a reasonable doubt that the jury would have convicted Beamon of fleeing or eluding if proper instructions had been given.
¶ 38. We first note that the erroneous jury instructions were not the only statement of the law of fleeing or eluding that the jury received; and therefore, it may be said that the effect of the erroneous instructions were ameliorated by the jury having heard multiple correct statements of the law. That is, the jury was twice read the charge as set forth in the information, which properly stated the statutory requirements of *582 Wis. Stat. § 346.04(3). Notably, one of those readings came immediately before the court read the erroneous instructions. This is noteworthy because the verdict form that the jury was required to submit directed the jurors' attention to the criminal information, rather than the jury instructions, and stated that "We the jury find the defendant, Courtney C. Beamon, Guilty of Operating a Motor Vehicle to Flee or In an Attempt to Elude an Officer as charged in Count One of the Information." (Emphasis added.) Accordingly, the multiple instances in which the jury was properly told the statutory requirements are a factor in our harmless error analysis.
¶ 39. Furthermore, the jury heard in-depth accounts of the events of November 19, including Officer Miller's statements about seeing Beamon's vehicle speeding away from the shooting scene with its lights extinguished; the officer's activating the squad's emergency lights and siren; and his following Beamon's vehicle closely during the car chase. Officer Miller related Beamon's rolling out of his moving car after running a stop sign and then seeing the driverless car run into a parked car. The jury also heard Beamon's version of the events, which did not attempt to discredit the officers' accounts of the chase, but instead simply attempted to cast Beamon's actions in a more favorable light by suggesting that, when he left the scene of the shooting he was merely trying to get home to his family. In light of all the testimony, we conclude that it is clear beyond a reasonable doubt that a rational jury, properly instructed on the statutory requirements of fleeing or eluding, would have found Beamon guilty.
*583 ¶ 40. Accordingly, as we shift our analysis to Beamon's sufficiency of the evidence challenge, we conclude that the jury instructions cannot provide the proper standard for analysis. Rather, Beamon's challenge must be reviewed in the context of the statutory requirements of fleeing or eluding under Wis. Stat. § 346.04(3). Applying those requirements, Beamon's challenge does not meet the high standard for reversal of a jury's verdict under a sufficiency of the evidence review. That is, in light of the facts adduced at trial, it cannot reasonably be said "as a matter of law that no trier of fact, acting reasonably, could have found guilt beyond a reasonable doubt" for the alleged violation of § 346.04(3). See Poellinger, 153 Wis. 2d at 501. Therefore, Beamon's challenge to the sufficiency of the evidence must fail.
¶ 41. Nonetheless, we briefly address Beamon's two primary arguments, which are that (1) our decision in State v. Wulff, 207 Wis. 2d 143, 557 N.W.2d 813 (1997), requires reversal of Beamon's conviction; and (2) the State's proffering of the erroneous instructions constituted forfeiture of its challenge to the instructions as erroneous.
¶ 42. First, Beamon argues that reversal is required based on our statement in Wulff that, in the context of a sufficiency of the evidence challenge, we would uphold the defendant's conviction "only if there was sufficient evidence to support guilt on the charge submitted to the jury in the instructions." Id. at 153. Although our statement in Wulff seems facially contradictory to our holding today, our decision in Wulff is distinguishable from this case on at least two bases.
¶ 43. In Wulff, the jury was presented with evidence regarding an alleged sexual assault, including *584 some evidence that the defendant had attempted fellatio with the victim, which constitutes sexual intercourse under Wis. Stat. § 940.225(5)(b). However, there was no evidence that the defendant had attempted genital or anal intrusion. See id. at 152. Notwithstanding the trial testimony, the jury instructions asked whether the defendant committed second-degree sexual assault by attempted genital or anal intrusion, but not whether the assault was committed by attempted fellatio. See id. at 147-49. Nonetheless, the jury returned a verdict of guilty on the charge of attempted sexual assault by genital or anal intrusion. See id. at 149. Based on the lack of any evidence of attempted genital or anal intrusion, this court reversed Wulffs conviction. See id. at 154.
¶ 44. The primary distinction between Wulff and our decision today is the nature of the jury instructions in each case. In Wulff, the instructions did not add a requirement to the applicable law; instead, the instructions properly stated one of the methods by which a defendant could commit second-degree sexual assault and completely omitted the method for which there was testimony. Therefore, in Wulff, the jury was asked to apply the correct law to the facts adduced at trial, and reached a conclusion contrary to the evidence. In that situation, the proper standard for evaluating the sufficiency of the evidence was the jury instructions, because the instructions conveyed a correct statement of the law, and thereby informed the jury of the requirements of an actual statutory offense. Under that standard, the court concluded that "no trier of fact, acting reasonably, could have found guilt beyond a reasonable doubt" for the offense upon which the jury was instructed. Poellinger, 153 Wis. 2d at 507.
¶ 45. In contrast to Wulff, in which we stated that we could uphold the conviction "only if there was *585 sufficient evidence to support guilt on the charge submitted to the jury," 207 Wis. 2d at 153, here, the addition of a requirement created a charge that does not exist in the statutes. If we evaluated sufficiency of the evidence against the instructions given, we would be sanctioning the creation of a new crime that was not created by the legislature. This is contrary to Wis. Stat. § 939.10, which outlaws common law crimes. Therefore, sufficiency of the evidence in Beamon's case cannot justifiably be measured against the jury instructions.
¶ 46. Second, Wulff is distinguishable because the decision did not address harmless error. Although we need not decide here whether the jury instructions in Wulff would be subject to harmless error analysis, we note that Wulff preceded our decision in Harvey, 254 Wis. 2d 442, ¶ 49, in which we adopted the now-controlling standard for harmless error analysis. Indeed, our analysis in this case rests largely on the harmlessness of the erroneous jury instructions, in that it is clear beyond a reasonable doubt that a rational jury, properly instructed on the statutory requirements of the offense of fleeing or eluding, would have found Beamon guilty.[6] Therefore, the evidence was sufficient to convict him on that charge.
¶ 47. Beamon's final argument in support of analyzing his sufficiency of the evidence challenge under the erroneous jury instructions is that the State for *586 feited its argument that the instructions were erroneous, first by proffering the instructions and then by failing to object at the instructions conference. Beamon relies upon Wis. Stat. § 805.13(3),[7] which is entitled "Instruction and Verdict Conference," and provides that "[flailure to object at the conference constitutes a waiver of any error in the proposed instructions or verdict."[8] We decline to adopt Beamon's forfeiture argument for two reasons.
¶ 48. First, allowing the instructions to control would cause the instructions’ erroneous statement to create a criminal statute. This is contrary to the legislature's exclusive authority to enact criminal statutes, and would undermine the precept that there are no common law crimes in Wisconsin. Second, as the state court of last resort, our responsibility is "to oversee and implement the statewide development of the law." See State v. Schumacher, 144 Wis. 2d 388, 405, 424 N.W.2d 672 (1988) (quoting State v. Mosley, 102 Wis. 2d 636, 665, 307 N.W.2d 200 (1981)) (internal quotation marks omitted). As we recognized in Schumacher, the "power to review an error, even one technically waived, is essential for this court to properly discharge its functions." Id. at 406. Therefore, we have a responsibility to declare what the correct law is, and *587 we need not deny review of an important question of law based on a party's failure to raise the issue below. See id. "This does not mean, however, that we will use this broad discretionary-review power indiscriminately." Id. at 407.
¶ 49. Accordingly, an unobjected-to but erroneous statement of the law in the jury instructions is not per se unreviewable by this court where the parties failed to raise the issue in the trial court. See Zelenka, 130 Wis. 2d at 43-45. Rather, we have discretion to disregard alleged forfeiture or waiver and consider the merits of any issue because the rules of forfeiture and waiver are rules of "administration and not of power." See State v. Riekkoff, 112 Wis. 2d 119, 124, 332 N.W.2d 744 (1983); see also Zelenka, 130 Wis. 2d at 44. Therefore, we decline to apply the doctrine of forfeiture to the situation presented in this case.
III. CONCLUSION
¶ 50. We conclude that jury instructions that add requirements to what the statute sets out as necessary to prove the commission of a crime are erroneous; and therefore, we examine the sufficiency of the evidence in this case by comparison to what the statute requires and not by comparison to an additional requirement in the jury instructions actually given. Furthermore, jury instruction errors are subject to harmless error analysis, which we apply here. A harmless error analysis asks whether, based on the totality of the circumstances, it is clear beyond a reasonable doubt that a rational jury, properly instructed, would have found the defendant guilty.
¶ 51. We conclude that under the totality of circumstances, it is clear beyond a reasonable doubt the *588 jury would have found Beamon guilty of fleeing or attempting to elude an officer absent the erroneous jury instruction. The evidence at trial unquestionably supported the jury's verdict that Beamon violated the fleeing or eluding statute. Accordingly, we conclude that there was sufficient evidence to convict Beamon, and we affirm the decision of the court of appeals.
By the Court. — The decision of the court of appeals is affirmed.
¶ 52. DAVID T. PROSSER, J., did not participate.

 State v. Beamon, 2011 WI App 131, 336 Wis. 2d 438, 804 N.W.2d 706.

 The Honorable Emily S. Mueller presided.

 All subsequent references to the Wisconsin Statutes are to the 2009-10 version unless otherwise indicated.

 Our discussion in State v. Courtney, 74 Wis. 2d 705, 247 N.W.2d 714 (1976), did not decide the proper standard by which to review the sufficiency of the evidence when a jury instruction includes an additional requirement beyond those set forth in the statute. Rather, in Courtney, the defendant's sufficiency of the evidence challenge was separate from his jury instruction error argument. Id. at 713-16. In his sufficiency of the evidence challenge, Courtney asserted that one of the requirements — as stated in the controlling administrative code section — had not been proved at trial. See id. at 713-15. His separate argument asserting that the jury instruction was erroneous simply alleged that the addition of that requirement entitled him to reversal. *575 See id. at 715-16. We concluded that the evidence was sufficient to show that the offense had heen proved, and that the additional requirement was, in effect, harmless. See id. at 713-16. Accordingly, our decision in Courtney supports our conclusion here.

 One persuasive rationale for applying harmless error analysis in this context is that many instructional errors can just as easily be described as mischaracterizing a statutory requirement as they can be described as imposing an additional requirement. Cf. California v. Roy, 519 U.S. 2, 5 (1996) (per curiam) ("The specific error at issue here — an error in the instruction that defined the crime — is ... as easily characterized as a 'misdescription of an element' of the crime, as it is characterized as an error of 'omission.'"). Accordingly, when a jury instruction imposes an additional requirement, not itself required by the statute, the instruction can be said to have incorrectly stated the actual requirements of the offense according to the statute that sets forth the crime. See id.

 The applicability of the harmless error doctrine distinguishes this criminal case from the multiple civil cases in which we may have suggested that sufficiency of the evidence "is evaluated in light of the jury instructions." See D.L. Anderson's Lakeside Leisure Co. v. Anderson, 2008 WI 126, ¶ 22, 314 Wis. 2d 560, 757 N.W.2d 803.

 Wisconsin Stat. § 805.13(3) is made applicable to criminal cases by operation of Wis. Stat. § 972.11(1).

 Based on our case law discussing the doctrines of waiver and forfeiture, we conclude that such failure to object is more properly labeled forfeiture than waiver. See State v. Ndina, 2009 WI 21, ¶ 29, 315 Wis. 2d 653, 761 N.W.2d 612 ("Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the intentional relinquishment or abandonment of a known right.") (quoting United States v. Olano, 507 U.S. 725, 733 (1993)) (internal quotation marks omitted).