SHIRLEY S. ABRAHAMSON, J.
¶ 90. {concurring). Although I agree that the judgment and order should be affirmed, I do not join the majority opinion.
*166 ¶ 91. The court took the instant case to clarify precedent related to erroneous jury instructions in criminal trials. I am not sure it successfully accomplishes this goal.
¶ 92. The majority opinion is unclear regarding the relationship between harmless error review and review of the sufficiency of evidence. This confusion seems to stem from the confusion in State v. Beamon, 2013 WI47, ¶¶ 19, 20, 46, 50, 51, 347 Wis. 2d 559, 830 N.W.2d 706, on which the majority opinion relies. As I see it, harmless error analysis renders a sufficiency of the evidence analysis redundant. The majority opinion's statement of its approach in ¶ 53 ("First, was the jury instruction erroneous? Second, is it clear beyond a reasonable doubt that the jury still would have convicted the defendant had the correct instruction been provided?") seems to incorporate only a harmless error analysis, not a sufficiency of the evidence analysis. But Beamon sets forth and applies the two analyses separately. The majority opinion cites and quotes Beamon, masking the majority opinion's rejection of Beamon's two-step analysis.
¶ 93. For the reasons set forth, I write separately.