# COURT OF APPEALS OF WISCONSIN
## PUBLISHED OPINION

Case No.: 2020AP1756-CR

†Petition for Review Filed

Complete Title of Case:

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

ROMAN T. WISE,

DEFENDANT-APPELLANT.

| | |
|---|---|
| Opinion Filed: | November 16, 2021 |
| Submitted on Briefs: | April 14, 2021 |
| Oral Argument: | |

| | |
|---|---|
| JUDGES: | Brash, C.J., Donald, P.J., and Dugan, J. |
| Concurred: | |
| Dissented: | |

| | |
|---|---|
| Appellant ATTORNEYS: | On behalf of the defendant-appellant, the cause was submitted on the briefs of *Steven W. Zaleski* of *Zaleski Law Firm* in Madison. |
| Respondent ATTORNEYS: | On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Joshua L. Kaul* and *Lisa E.F. Kumfer* of the *Wisconsin Department of Justice* in Madison. |

## COURT OF APPEALS
## DECISION
## DATED AND FILED

### November 16, 2021

**Sheila T. Reiff**
**Clerk of Court of Appeals**

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No.    2020AP1756-CR**

**STATE OF WISCONSIN**

Cir. Ct. No.  2018CF2885

**IN COURT OF APPEALS**

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

ROMAN T. WISE,

DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Milwaukee County:  MARK A. SANDERS and STEPHANIE ROTHSTEIN, Judges. *Affirmed*.

Before Brash, C.J., Donald, P.J., and Dugan, J.

¶1      DUGAN, J.  Roman T. Wise appeals from a judgment of conviction for four counts of fleeing or eluding an officer and an order of the postconviction

court denying, without a hearing, his motion seeking to vacate three of his convictions on the basis that he received ineffective assistance of counsel. On appeal, Wise again argues that he received ineffective assistance of counsel when his trial counsel failed to seek the dismissal of three of his four charges on the grounds that they were multiplicitous. Upon review, we conclude that they are not. The charges are different in law and fact, and Wise has failed to overcome the presumption that the legislature intended for multiple punishments. Thus, for the reasons set forth below, we affirm.

## BACKGROUND

¶2      Wise was charged with four counts of fleeing or eluding an officer contrary to WIS. STAT. § 346.04(3) (2019-20).[1]  Each count also contained a reference to WIS. STAT. § 346.17(3).  Count one alleged that Wise fled a police officer and caused the death of Daniel,[2] which was designated as a Class E felony under § 346.17(3)(d).  Count two alleged that Wise fled a police officer and caused great bodily harm to Helen, which was designated as a Class F felony under § 346.17(3)(c).  Count three alleged that Wise fled a police officer and caused damage to the property of Charlie, and count four alleged that Wise fled a police officer and caused damage to the property of Charlotte.  Both counts three and four were designated as Class H felonies under § 346.17(3)(b).

¶3      All four counts were based on the same high speed chase that occurred on the night of December 27, 2017, that resulted in a crash involving the stolen

---

[1] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

[2] We use pseudonyms to refer to the victims in this case for ease of reference and to protect the victims' identities.

vehicle Wise was driving and the vehicles belonging to Charlie and Charlotte. Wise was apprehended by police as he was crawling out of the rear windshield. Wise's passengers, Daniel and Helen, were taken to the hospital for treatment of their injuries. Daniel died at the hospital.

¶4 Wise was convicted as charged following a jury trial and later sentenced to a total of twenty years of imprisonment, composed of twelve years of initial confinement and eight years of extended supervision.[3]

¶5 Wise filed a motion for postconviction relief seeking to have his convictions under counts two, three, and four vacated. In his motion, Wise alleged that he had received ineffective assistance of counsel because his counsel failed to seek the dismissal of three charges on the grounds that they were multiplicitous. The postconviction court denied Wise's motion without a hearing and found that Wise's counsel could not be considered ineffective because the charges were not the same in law or fact. Wise appealed.

## DISCUSSION

¶6 On appeal, Wise raises the same argument that his trial counsel was ineffective for failing to seek dismissal of three charges on the grounds that they were multiplicitous.

¶7 "Under the Sixth and Fourteenth Amendments to the United States Constitution, a criminal defendant is guaranteed the right to effective assistance of counsel." *State v. Balliette*, 2011 WI 79, ¶21, 336 Wis. 2d 358, 805 N.W.2d 334.

---

[3] The Honorable Mark A. Sanders entered the judgment of conviction. The Honorable Stephanie Rothstein entered the order denying Wise's postconviction motion. We refer to Judge Sanders as the trial court and Judge Rothstein as the postconviction court.

A defendant must show two elements to establish that his or her counsel's assistance was constitutionally ineffective: (1) counsel's performance was deficient; and (2) the deficient performance resulted in prejudice to the defense. *Id.* "To demonstrate deficient performance, the defendant must show that his counsel's representation 'fell below an objective standard of reasonableness' considering all the circumstances." *State v. Carter*, 2010 WI 40, ¶22, 324 Wis. 2d 640, 782 N.W.2d 695 (citation omitted).

¶8 "An ineffective assistance of counsel claim presents a mixed question of fact and law." *State v. Pico*, 2018 WI 66, ¶13, 382 Wis. 2d 273, 914 N.W.2d 95. "We will not reverse the circuit court's findings of fact unless they are clearly erroneous." *Id.* "We independently review, as a matter of law, whether those facts demonstrate ineffective assistance of counsel." *Id.*

¶9 As noted, Wise's claim of ineffective assistance is based on trial counsel's failure to seek the dismissal of three charges on the grounds that they were multiplicitous. This question requires us to interpret the statutes under which he was charged and determine whether they were multiplicitous. "Whether a multiplicity violation exists in a given case, which requires a determination of legislative intent, is a question of law subject to independent appellate review." *State v. Davison*, 2003 WI 89, ¶15, 263 Wis. 2d 145, 666 N.W.2d 1.

¶10 "Multiplicity arises where the defendant is charged in more than one count for a single offense." *Id.*, ¶34 (citation omitted). The "established methodology" for reviewing a multiplicity claim is a two-step test. *Id.*, ¶¶42-45. "First, the court determines whether the charged offenses are identical in law and fact using the *Blockburger* test." *Id.*, ¶43. "The *Blockburger* test inquires whether 'each provision requires proof of an additional fact which the other does not.'"

*State v. Beasley*, 2004 WI App 42, ¶8, 271 Wis. 2d 469, 678 N.W.2d 600 (quoting *Blockburger v. United States*, 284 U.S. 299, 304 (1932)). "As a general proposition, different elements of law distinguish one offense from another when different statutes are charged. Different facts distinguish one count from another when the counts are charged under the same statute." *Davison*, 263 Wis. 2d 145, ¶41.

¶11 We then analyze legislative intent. "If it is determined … that the offenses are identical in law and fact, the presumption is that the legislative body did not intend to punish the same offense under two different statutes." *Id.*, ¶43. "Conversely, if under the *Blockburger* test the charged offenses are different in law or fact, a presumption arises that the legislature did intend to permit cumulative punishments." *Id.*, ¶44. To overcome either presumption requires proof of clear legislative intent to the contrary, with the State bearing the burden under the first presumption and the defendant under the second. *State v. Brantner*, 2020 WI 21, ¶25, 390 Wis. 2d 494, 939 N.W.2d 546.

¶12 A conclusion that the legislature did not intend multiple punishments results in either a double jeopardy or a due process violation. *See id.* If the offenses were determined to be the same in law and fact, the defendant's double jeopardy rights have been violated. *See Davison*, 263 Wis. 2d 145, ¶¶30-32. However, if the offenses were determined to not be the same in law or fact, "then there has been a due process violation as opposed to a double jeopardy violation." *Brantner*, 390 Wis. 2d 494, ¶25.

¶13 Wise argues that his charges are the same in law and fact because the charges were brought under the same statute and were based on a single act of fleeing. He contends that each of his charges are the same in law because they were

5

all brought under WIS. STAT. § 346.04(3), and that this statute requires proof of only two elements: (1) "that a person received a visual or audible signal from an officer" and (2) "that person knowingly fled or attempted to elude the officer after he received the signal." Wise takes the position that the statute is "entirely silent as to the damage or injury that may result from the person's fleeing," and thus, any damage, injury, or other result from the act of fleeing cannot be considered an element of the offense. Rather, Wise argues, the result of the act of fleeing specifies the penalty to be assessed under WIS. STAT. § 346.17(3), and this statute is purely a penalty statute, as opposed to a statute delineating an element of the offense. Consequently, Wise contends that his charges are the same in law and fact because they require proof of the same two elements and the same set of facts. We disagree.

¶14 Wise's charges arise under WIS. STAT. § 346.04(3) and WIS. STAT. § 346.17(3). The former provides:

> No operator of a vehicle, after having received a visual or audible signal from a traffic officer, federal law enforcement officer, or marked or unmarked police vehicle that the operator knows or reasonably should know is being operated by a law enforcement officer, shall knowingly flee or attempt to elude any officer by willful or wanton disregard of such signal so as to interfere with or endanger the operation of the police vehicle, the traffic officer, the law enforcement officer, other vehicles, or pedestrians, nor shall the operator increase the speed of the operator's vehicle or extinguish the lights of the vehicle in an attempt to elude or flee.

Sec. 346.04(3). The latter provides:

> (a) Except as provided in par. (b), (c) or (d), any person violating s. 346.04(3) is guilty of a Class I felony.
>
> (b) If the violation results in bodily harm, as defined in s. 939.22(4), to another, or causes damage to the property of another, as defined in s. 939.22(28), the person is guilty of a Class H felony.

>     (c) If the violation results in great bodily harm, as defined in
>     s. 939.22(14), to another, the person is guilty of a Class F
>     felony.
>
>     (d) If the violation results in the death of another, the person
>     is guilty of a Class E felony.

Sec. 346.17(3)(a)-(d).

¶15     We first determine whether Wise's charges under these statutes are the same in law and fact using the ***Blockburger*** test, and we look for whether his charges require proof of different elements of law or different facts. We conclude that his charges are not the same under the ***Blockburger*** test. In so concluding, we disagree with Wise's argument that WIS. STAT. § 346.04(3) sets forth only two elements of the offense of fleeing or eluding a police officer, and that WIS. STAT. § 346.17(3) is merely a penalty statute that sets forth no additional elements for an offense under § 346.04(3). Rather, we conclude that, reading these statutes together, § 346.17(3)(b)-(d) provides additional elements to the offense stated in § 346.04(3) when death, great bodily harm, or property damage is involved, as it was in Wise's case. Thus, under the ***Blockburger*** test, Wise's charges are not the same in law and fact because the charges involve proof of additional elements or facts that the others do not.[4]

¶16     In ***Beasley***, this court addressed a similar situation where the defendant was charged with burglary with intent to steal while armed with a dangerous weapon and burglary with intent to steal while committing a battery upon a person lawfully in the burglarized enclosure. ***Id.***, 271 Wis. 2d 469, ¶3. Both

---

[4] As the State acknowledges, counts three and four are the same in law because they are both based on property damage and, thus, involve proof of the same elements. However, as discussed further below, these counts each reference a different victim and are thus different in fact.

7

charges were brought under WIS. STAT. § 943.10(2), but one charge was under paragraph (2)(a), and the other under paragraph (2)(d).[5] ***Beasley***, 271 Wis. 2d 469, ¶3. The defendant argued that each paragraph was a penalty enhancer, as opposed to its own crime, and that his convictions under both paragraphs of the same statutory section were multiplicitous because they required proof of the same elements for the basic crime of burglary. ***Id.***, ¶4. We said there that the defendant's argument "has superficial appeal and, at first blush, might appear to comport with common sense." ***Id.***, ¶13. However, "[a] clear-eyed review of the statutes" shows that each statute "defines stand-alone crimes, each with an element the others do not have." ***Id.***

¶17     In ***Beasley***, we then went on to explain that the basic crime of burglary was a Class C felony defined in WIS. STAT. § 943.10(1) and WIS. STAT. § 943.10(2) addressed separate harms committed during the underlying burglary that were then defined as their own Class B felonies. ***Beasley***, 271 Wis. 2d 469, ¶¶15-16. We further discussed that penalty enhancers "authorize specified increases to separate specified penalties for underlying crimes" and an enhancer would add an additional penalty to an underlying crime. ***Id.***, ¶14. Additionally, we stated that "[b]ecause of this structure, when the facts support multiple penalty enhancers, multiple enhancers may normally be applied to the same underlying crime." ***Id.*** We explained that was not the structure of § 943.10(2) because the "subsections of WIS. STAT. § 943.10(2) each define a complete stand-alone crime." ***Beasley***, 271 Wis. 2d 469, ¶15. Thus, we rejected Beasley's argument that his charges were only penalty enhancers

---

[5] Wise argues that the placement of the subsections in ***State v. Beasley***, 2004 WI App 42, 271 Wis. 2d 469, 678 N.W.2d 600, within the same statutory section distinguishes his case from ***Beasley***. We do not find this distinction persuasive because WIS. STAT. § 346.04(3) and WIS. STAT. § 346.17(3) are clearly connected in the same way as the statutes in ***Beasley***, despite their placement in different statutory sections.

because each paragraph—(2)(a) and (2)(d)—set forth its own definition of a Class B felony that addressed a separate harm committed during the basic crime of burglary and neither felony was something that could be added to the underlying crime of burglary as a Class C felony to enhance the penalty for a Class C felony. *Id.*, ¶¶15-16.

¶18     Under the reasoning set forth in **Beasley**, we cannot agree with Wise that WIS. STAT. § 346.17(3) operates as a penalty enhancer. Rather, we interpret § 346.17(3) to define stand-alone crimes that address separate harms, whether it is the simple act of fleeing or eluding as defined in WIS. STAT. § 346.04(3), or a separate harm committed during the course of the act of fleeing or eluding an officer. As was the case in **Beasley**, each paragraph in § 346.17(3) sets forth a different felony classification and a particular harm to be addressed, and the proof of that particular harm constitutes an additional element of the offense of fleeing or eluding. *See also **Davison***, 263 Wis. 2d 145, ¶3 (concluding that the multiple punishments for a single act of battery were allowed, in part, because of "the different harms addressed by different battery statutes").

¶19     In Wise's case, the particular harms to be addressed are death, great bodily harm, and property damage, which were committed during the course of the single act of fleeing. These are not penalty enhancers where proof of death, proof of great bodily harm, or proof of property damage can be added to one another to enhance the penalty associated with fleeing or eluding an officer. Instead, proof of each additional element is proof of a separate harm that creates a separate, stand-alone felony with its own classification and its own associated penalty.

¶20     Thus, "[t]he question is 'whether each of the offenses in this case requires proof of an element or fact that the other does not.'" **Beasley**, 271 Wis. 2d

469, ¶20 (citation omitted). In this case, proof of death results in the penalty for a Class E felony, proof of great bodily harm results in the penalty for a Class F felony, and proof of property damage results in the penalty for a Class H felony. WIS. STAT. § 346.17(3)(b)-(d). Wise's argument that WIS. STAT. § 346.04(3) contains only two elements to the crime ignores this structure and ignores that each charge requires proof of an element in addition to the basic act of fleeing in order to constitute the associated felony. Proof of the two elements endorsed by Wise constitutes proof of the basic crime of fleeing or eluding only and would only result in a Class I felony under § 346.17(3)(a), but not any of the additional felonies listed in § 346.17(3).

¶21 Wise presents jury instruction WIS JI—CRIMINAL 2630 as support for his argument that there are only two elements to his offense and he contends that the jury instruction reflects that the offense of fleeing or eluding an officer contains only two elements. Wise correctly recites that the jury instruction applicable to his charges says that the State is required to prove two elements. However, based on the wording of the instruction, "the jury could *not* have found [Wise] guilty of [fleeing] only," and proof of more than just fleeing was required to find Wise guilty of his charges. *See Beasley*, 271 Wis. 2d 469, ¶17. Wise fails to recognize that the instruction also says to add an additional element of proof if "one of the more serious offenses identified in [WIS. STAT. §] 346.17(3)(b), (c), or (d) is charged" and it states that the jury must find proof of this element beyond a reasonable doubt in order to result in a conviction on the charged offense. *See* WIS JI—CRIMINAL 2630. Consequently, the jury instruction reflects that the basic charge of fleeing or eluding requires proof of only two elements, but it also recognizes that more than two

elements are necessary for a charge involving death, great bodily harm, or property damage.[6]

¶22    Thus, Wise's charges for fleeing an officer resulting in death, fleeing an officer resulting in great bodily harm, and fleeing an officer resulting in property damage are not the same in law. Each charge addresses a separate harm committed during the act of fleeing, and each involves proof of an element that the other does not.

¶23    However, because Wise was charged in two different counts (counts three and four) with fleeing an officer resulting in property damage, we must still determine whether these counts are different in fact. In addressing whether counts three and four are different in fact, we consider *State v. Pal*, 2017 WI 44, 374 Wis. 2d 759, 893 N.W.2d 848, instructive, and we conclude that these counts are not the same in fact as each count requires proof of separate harms to separate victims.[7]

¶24    It is well settled that

> [i]n cases where the defendant commits one criminal act which has several victims, courts have used the "same evidence" test to allow a separate prosecution for each victim. Because the *Blockburger* "same evidence" test is satisfied if each provision requires proof of a fact which the other does not, it will always sanction multiple trials if there

---

[6] We also reject Wise's reliance on *State v. Beamon*, 2013 WI 47, 347 Wis. 2d 559, 830 N.W.2d 681, for the proposition that the offense of fleeing or eluding an officer requires only proof of two elements in all situations. The court had no opportunity to address any other potential elements of Wis. Stat. § 346.04(3) because *Beamon* addressed a challenge to the sufficiency of the evidence to support a conviction for fleeing or eluding that did not involve death, great bodily harm, or property damage. *Id.*, ¶¶1-4.

[7] We also note that this same analysis as to counts three and four would apply to all of Wise's charges given that each charge addresses a separate harm to a separate victim.

11

> are multiple victims since the identity of the victim is an additional proof of fact in each case.

*State v. Rabe*, 96 Wis. 2d 48, 67, 291 N.W.2d 809 (1980) (citation omitted). Thus, "there are, as a general rule, as many offenses as individuals affected." *Pal*, 374 Wis. 2d 759, ¶21 (citation omitted). Applying this rule, our supreme court concluded in *Pal* that a defendant's two charges stemming from one hit and run accident were not the same in fact because each was based on the death of a different victim and the State would have to prove its case "with regard to each victim." *Id.*, ¶22; *see also* *Rabe*, 96 Wis. 2d at 66 (concluding that "double jeopardy is not offended by charging a separate count for each death" stemming from one accident).

¶25 Applying the reasoning in *Pal*, it is clear that Wise's charges in counts three and four are different in fact. Each charge is based on a separate harm to a separate victim. Count three addresses the harm done to Charlie, and count four addresses the harm done to Charlotte. Moreover, it is not merely the act of fleeing that is prohibited by WIS. STAT. § 346.17(3)(b) under which Wise was charged; it is the act of fleeing and then causing damage to the property of another that constitutes the elements of the offenses under counts three and four. Thus, the State charged Wise not only with fleeing and eluding but with fleeing and eluding causing damage to the property of each victim. Putting the State to its proof in this case required that it had to establish that Wise caused damage to the property of another as a result of fleeing with regard to Charlie, and then again with regard to Charlotte. *See Pal*,

374 Wis. 2d 759, ¶22. Accordingly, while counts three and four are the same in law, they are not the same in fact under the ***Blockburger*** test.[8]

¶26 Having concluded that Wise's charges are not the same in law or fact, we move to the next step and apply the presumption that the legislature intended to permit cumulative punishments. Under this presumption, Wise bears the burden to prove clear legislative intent to the contrary, and "we analyze four factors to determine legislative intent: (1) all applicable statutory language; (2) the legislative history and context of the statute; (3) the nature of the proscribed conduct; and (4) the appropriateness of multiple punishment for the conduct." ***Davison***, 263 Wis. 2d 145, ¶50. We conclude that Wise has failed to meet this burden.

¶27 Wise first argues that the legislature did not intend for multiple punishments based on the applicable statutory language. He again points to ***State v. Beamon,*** 2013 WI 47, 347 Wis. 2d 559, 830 N.W.2d 681, and the jury instruction to say that there are only two elements to the offense of fleeing or eluding, and he points to WIS. STAT. § 346.17(3)'s location in a separate section of the code and its use of "violation" in the singular. Having already determined above that the statutory language at issue requires reading WIS. STAT. § 346.04(3) and § 346.17(3) in tandem and that these statutes work together to create additional elements to address separate harms committed during the basic offense of fleeing or eluding, we need not address this further other than to note that the statutory language does not show a clear legislative intent to prohibit multiple punishments. The statutory

---

[8] Wise argues that we should not rely on ***State v. Pal***, 2017 WI 44, 374 Wis. 2d 759, 893 N.W.2d 848. Instead, he attempts to distinguish ***Pal*** on the basis that the defendant in ***Pal*** had a statutory duty to stop and help each victim before leaving the scene of the accident, but in his case, Wise says he merely had a statutory duty to not knowingly flee or attempt to elude an officer. We interpret his argument as a repackaging of the argument that Wise's charges require proof of only two elements, which we have already rejected.

language indicates that the legislature created multiple crimes to address multiple harms. "[M]ultiple victim accidents are not so rare that we can say the legislature did not take them into consideration when drafting the statute. Had the legislature intended that only one penalty could be imposed per accident, it could have more clearly done so." *Pal*, 374 Wis. 2d 759, ¶25 (citation omitted).

¶28    Wise next points to a drafter's note and argues that it shows that the legislature intended for graduated, not multiple, punishments for a single incident of fleeing or eluding. The drafter's note cited by Wise says, "Re-do penalties (e.g., fine for 'Eluding which causes bodily harm' should be higher than mere 'Eluding.') Make penalties similar to those for OWI [i.e., higher penalties where OWI results in injury or death]." He does not, however, explain more about what in this drafter's note indicates an intent for a graduated punishment.

¶29    Rather, as the State argues, this note was prepared when the legislature was drafting WIS. STAT. § 346.17(3) in 1985. *Rabe*, a case in which our supreme court concluded a defendant could be charged with multiple counts of homicide by intoxicated use of a motor vehicle for each victim, had already been decided. *See id.*, 96 Wis. 2d at 52-53. The legislature is presumed to know the law when enacting legislation. *Spence v. Cook*, 222 Wis. 2d 530, 537, 587 N.W.2d 904 (Ct. App. 1998). Thus, if this drafter's note is intended to reflect any sort of legislative intent to mirror the OWI statutes applied in *Rabe*, it would reflect an intention to impose multiple punishments, one for each victim.

¶30    Wise then argues that the gravamen of the offense is the fleeing or eluding because WIS. STAT. § 346.04(3) contains only two elements. We have already rejected Wise's argument that § 346.04(3) is limited to two elements. While fleeing or eluding is certainly an important part of the prohibited conduct, it is not

the full picture. In this case, the gravamen of the offense also includes the resulting harm, whether it be death, great bodily harm, or property damage. *See* **Rabe**, 96 Wis. 2d at 72 ("The conduct proscribed under the provision is more than either 'the negligent operation … of a vehicle … while under the influence of an intoxicant' (the defendant's position) or 'caus(ing) the death of another' (the [S]tate's position). The proscribed conduct encompasses both phrases.").

¶31 Wise last argues that multiple punishments are inappropriate because "[p]roportionality is therefore built into the penalty structure of the statute, and there is no compelling need to provide for multiple punishments." He argues that the more serious the resulting injury or damage, the higher the appropriate penalty. However, his argument would unduly depreciate the severity of any harm caused by the act of fleeing or eluding and the seriousness of the conduct because, for example, a defendant could face the same penalty whether he caused the death of one, two, or ten people. "Inability to prosecute and punish under both statutes permits an offender, at least in some circumstances, to inflict a greater degree of harm without fear of additional punishment." **Davison**, 263 Wis. 2d 145, ¶105. This could leave the deaths of innocent victims unaddressed, and result in a defendant facing no repercussions for killing multiple people because he would face the same punishment as someone who killed one person. Such a result is not proportional, and we conclude that the legislature did not intend it. The ability to impose multiple punishments protects the different interests at stake, making multiple punishments appropriate. *See* **id.**, ¶99.

¶32 In sum, Wise has not met his burden to show that the legislature did not intend for multiple punishments under the statute and we, therefore, conclude that his charges are not multiplicitous.

¶33    Thus, based on our conclusion that Wise's charges are not multiplicitous, we consequently conclude that his claim of ineffective assistance fails. "Failure to raise an issue of law is not deficient performance if the legal issue is later determined to be without merit." *State v. Wheat*, 2002 WI App 153, ¶14, 256 Wis. 2d 270, 647 N.W.2d 441; *see also State v. Ziebart*, 2003 WI App 258, ¶14, 268 Wis. 2d 468, 673 N.W.2d 369 ("[A] claim predicated on a failure to challenge a *correct* trial court ruling cannot establish either."). Without being able to prove deficient performance on the part of his trial counsel, Wise's claim of ineffective assistance of counsel fails, and the postconviction court did not err by denying Wise's motion. *See State v. Johnson*, 2004 WI 94, ¶11, 273 Wis. 2d 626, 681 N.W.2d 901.

## CONCLUSION

¶34    We conclude that Wise's charges are not identical in law or fact because each requires proof of a different element or fact that the other does not. We also conclude that Wise has failed to overcome the presumption that the legislature intended multiple punishments and, therefore, Wise's charges are not multiplicitous. Consequently, we conclude that Wise's claim for ineffective assistance of counsel fails because trial counsel's performance was not deficient for failing to seek dismissal of three of Wise's charges. Accordingly, we affirm.

*By the Court.*—Judgment and order affirmed.

16