COURT OF APPEALS
DECISION
DATED AND FILED

November 10, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP961**

STATE OF WISCONSIN

Cir. Ct. No. **2016FA178**

IN COURT OF APPEALS
DISTRICT III

IN RE THE MARRIAGE OF:

CONSTANCE LOUISE BROOKSHAW,

JOINT-PETITIONER-RESPONDENT,

V.

PATRICK RICHARD BROOKSHAW,

JOINT-PETITIONER-APPELLANT.

APPEAL from a judgment of the circuit court for Pierce County: JOSEPH D. BOLES, Judge. *Affirmed.*

Before Stark, P.J., Hruz and Seidl, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Patrick Brookshaw appeals a judgment of divorce.[1] Patrick contends the circuit court erroneously exercised its discretion by: (1) failing to make explicit findings relating to the statutory factors in deciding not to deviate from a 50/50 property division; (2) failing to hold a hearing to determine what, if any, portion of Constance Brookshaw's attorney fees were the result of Patrick's improper conduct; and (3) requiring Patrick to pay interest on the amounts he was ordered to pay Constance at rates different from the statutory rate set forth in WIS. STAT. § 815.05(8) (2017-18).[2] We reject these arguments and affirm.

## BACKGROUND

¶2 The parties were married in April 2005. This was Patrick's first marriage and Constance's second. Both parties brought property to the marriage. The parties separated in 2016 and were divorced in October 2018. No minor children were born as a result of the marriage. They did not enter into a prenuptial or postnuptial agreement, and both parties waived maintenance payments at the final hearing.

¶3 At the final hearing, the primary issue was whether the circuit court should deviate from a 50/50 property division in favor of Patrick based on property Patrick brought to the marriage. Specifically, Patrick urged the court to consider the fact that he owned one-half of The Bluffs Bar prior to the marriage. Although Patrick and Constance bought the remaining one-half interest in The

---

[1] We refer to the parties individually by their first names.

[2] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

2

Bluffs Bar for $350,000 in 2015, Patrick asserted that Constance contributed nothing significant to the business either before or after that purchase, although she did work in the bar from time to time.

¶4      Patrick also argued that the circuit court should deviate from a 50/50 division in his favor because prior to the marriage he owned the land upon which the parties' homestead was built. Constance testified that Patrick paid $45,000 for the land prior to the marriage and he contributed $125,000 from the sale of his house toward the homestead. Constance contributed $17,000 to $20,000 from the sale of her pre-marital home. Additionally, the parties incurred a mortgage debt of $150,000, which was paid in full with marital funds. Patrick paid all real estate taxes on the home after the 2016 separation. The record reflects that the fair market value of the homestead at the time of divorce was $345,000.

¶5      Finally, in Patrick's pretrial submission, he asserted that $200,000 of the $296,400 in his Ameriprise brokerage account predated the parties' marriage. At trial, however, Patrick testified the premarital value was "not that high," although he could not specify the exact amount of the account's premarital value. Patrick's position was that the premarital portions of both parties' retirement accounts should be included in the property division.

¶6      The circuit court found that Patrick "was not cooperative in discovery and failed to produce information demanded from him" by Constance.[3]

---

[3] Constance sought sanctions against Patrick including contempt for: (1) the willful disregard to supply information to the court and opposing counsel pursuant to the pretrial orders; (2) failing to reply to formal discovery; (3) disregard of production of documents under a subpoena; and (4) failing to produce information and documents stipulated to be produced during the deposition.

Additionally, Patrick failed to provide the required financial disclosure statement. He also invoked his Fifth Amendment rights when questioned about personally keeping cash from the machines at The Bluffs Bar.

¶7      The circuit court then ordered Patrick to pay Constance a property division equalization payment of $463,952.50 on or before March 31, 2019. This resulted in an approximately equal property division between the parties.  The court further ordered that any sum unpaid on that obligation would accrue interest at a rate of 7% annually, commencing January 1, 2019.

¶8      The circuit court also granted Constance's request for attorney fees in the amount of $15,000 and ordered Patrick to pay that amount no later than July 31, 2019.   The court ordered that any unpaid balance remaining on the attorney fee award would accrue interest at a rate of 10% annually, commencing April 1, 2019.  Patrick now appeals.

## DISCUSSION

### I.  Property Division

¶9      The division of property in a divorce is entrusted to the circuit court's discretion and will not be disturbed on appeal absent an erroneous exercise of discretion. *LeMere v. LeMere*, 2003 WI 67, ¶13, 262 Wis. 2d 426, 663 N.W.2d 789.  A court properly exercises its discretion when it examines the relevant facts, applies a proper standard of law, and uses a demonstrated rational process to reach a reasonable conclusion. *Id.*  On review of a circuit court's discretionary decision, we review any questions of law independently, but we will not overturn the court's factual findings unless they are clearly erroneous. *Covelli v. Covelli,* 2006 WI App 121, ¶13, 293 Wis. 2d 707, 718 N.W.2d 260.   Because the notion of

discretion is fundamental to the circuit court's ability to fulfill its role in the legal system, we will search the record for reasons to sustain its exercise of discretion. *Roy v. St. Lukes Med. Ctr.,* 2007 WI App 218, ¶11, 305 Wis. 2d 658, 741 N.W.2d 256.

¶10     WISCONSIN STAT. § 767.61(3) provides that when dividing parties' property upon divorce, a circuit court starts with the presumption that it is to equally divide all of the property subject to division. This presumption may be overcome, however, after consideration of the factors set forth in § 767.61(3)(a)-(m). *See LeMere*, 262 Wis. 2d 426, ¶16.

¶11     Here, Patrick argues the circuit court erroneously exercised its discretion when dividing the parties' property because it did not adequately explain its rationale or make findings relating to the factors set forth in WIS. STAT. § 767.61(3)(a)-(m). In response, Constance asserts that if Patrick questioned the sufficiency of the court's findings, he should have first raised that issue in a postjudgment motion. She therefore claims Patrick forfeited our consideration of this issue. Forfeiture, however, is a rule of judicial administration, which we may choose to apply in our discretion. *See State v. Beamon,* 2013 WI 47, ¶49, 347 Wis. 2d 559, 830 N.W. 2d 681. We find the record sufficient to consider this issue, and we choose to exercise our discretion to address it.

¶12     Patrick concedes that all of the property at issue is marital. Nonetheless, he argues that the circuit court erred by failing to provide an adequate explanation for its refusal to deviate from a 50/50 division of the parties' property. Patrick is mistaken. He ignores the fact that the court did consider an unequal property division but rejected it for the following reason:

> With regard to the Court's findings on contested valuations of assets and debts along with which party should be awarded property or assigned liabilities, the Court has taken into account in its decision witness credibility issues which the [C]ourt weighs against Mr. Brookshaw and specifically finds that he was uncooperative and obstructed discovery, and failed to produce information demanded of him. Mr. Brookshaw also failed to provide the [C]ourt and counsel required financial information, and financial disclosure statements, and also in regard to his income.

¶13    Patrick contends that none of the conduct regarding discovery occurred in front of the circuit court and that there were no orders to compel or other court orders that required him to provide discovery responses. Patrick, however, ignores a pretrial order dated September 22, 2017. That order specifically warned the parties of the consequences of failing to provide required disclosures: "If one party fails to file the required submissions as noted in paragraphs 4 [financial disclosures], 5 [proposed property division], and 6 above, that failure concedes that they agree with the submissions of the other party, and the submissions may be accepted by the Court to resolve all issues."

¶14    Patrick also fails to recognize that WIS. STAT. § 767.127(1) required him to disclose his assets and liabilities. Section 767.127(4), in turn, provides: "If either party fails timely to file a complete disclosure statement as required by this section, the court may accept as accurate any information provided in the statement of the other party …." Patrick provided neither a financial disclosure statement as required by § 767.127 nor a proposed property division, in addition to his failure to provide discovery.[4]

---

[4] Patrick did provide a two-year-old unsigned division of assets that he submitted to a mediator in 2016. That document was then withdrawn and not admitted as evidence.

6

¶15 Additionally, Patrick's premarital property contribution evidence consisted primarily of his own testimony. The circuit court found that Patrick lacked credibility, stating: "Mr. Brookshaw's failure and refusal to provide information he was obligated to provide requires the Court to find that his credibility is weak and that doubts about ownership and values of assets should be resolved with that in mind." Given Patrick's lack of credibility and his failure to provide a financial disclosure statement as required by statute, the court properly relied upon Constance's premarital and marital property evidence.

¶16 Moreover, the circuit court was not required to show that it considered the statutory factors when declining to deviate from a 50/50 division of the parties' property. Instead, a court must address those factors when explaining its decision *not* to order a 50/50 division. "[T]he record must at least reflect the court's consideration of all applicable statutory factors before a reviewing court can conclude that the proper legal standard has been applied to overcome the presumptive equal property division .…" *See LeMere*, 262 Wis. 2d 426, ¶25 Once the court adopted Constance's asset values and proposed equal division, the factors relating to an unequal distribution of marital property in Wis. Stat. § 767.61(3)(a)-(m) were no longer relevant.

¶17 The circuit court's determination was reasonable, especially in light of Patrick's failure to provide the financial information required both by the court's September 22, 2017 order and by statute. The court provided an adequate explanation of its decision to reject Patrick's claims and to instead accept Constance's evidence. Accordingly, the court properly exercised its discretion when it applied the presumption of an equal property division and did not deviate from it.

## II.  Attorney Fees

¶18     In a divorce action, the circuit court may award attorney fees to one party based on the parties' financial resources, or because one party has caused additional fees by overtrial, or because the other party refuses to provide information that would speed the process along.  *Randall v. Randall,* 2000 WI App 98, ¶22, 235 Wis. 2d 1, 612 N.W.2d 737.  The decision whether to award attorney fees is committed to the circuit court's discretion.  *Id.*

¶19     In this case, the circuit court ordered Patrick to pay Constance's attorney fees in the amount of $15,000.  Patrick argues that the court erroneously exercised its discretion by awarding those fees without first holding a hearing to determine what, if any, portions of Constance's attorney fees were the result of Patrick's improper conduct.

¶20     However, Patrick's argument is undeveloped, he provides no citation to legal authority supporting his argument, and he fails to show how the award of attorney fees is unsupported by the record.  As such, we need not consider Patrick's argument.  *See M.C.I., Inc. v. Elbin*, 146 Wis. 2d 239, 244-45, 430 N.W.2d 366 (Ct. App. 1988).

¶21     In addition, Patrick waived his argument that he was entitled to a hearing on the issue of attorney fees by failing to provide a response to Constance's affidavit for attorney fees or by requesting a hearing on the issue.  *See State v. Ndina,* 2009 WI 21, ¶29, 315 Wis. 2d 653, 761 N.W.2d 612.  At the contested divorce hearing, Patrick's attorney affirmatively agreed that facts pertaining to attorney fees should be submitted by affidavit from the parties' respective attorneys.  The circuit court ultimately accepted that proposal and noted that both attorneys should submit arguments as to why "your opponent isn't

8

entitled to it [attorney fees] and why you are." Patrick made no objection to the court proceeding in that fashion. He did not request a hearing on the issue of attorney fees and, as such, he was not denied a hearing on that issue.

¶22 Thereafter, Constance's trial counsel filed an affidavit specifically outlining his time and effort expended due to Patrick's obstruction and non-compliance, and his hourly rate. Patrick provided no response. On this record, Patrick cannot now argue that the circuit court erred by failing to hold a hearing on the issue of Constance's entitlement to attorney fees.

## III. Interest Rate

¶23 Finally, Patrick argues that the circuit court should have applied the interest rate set forth in WIS. STAT. § 815.05(8)—which was 6.5% during 2019—on the financial obligations it ordered, rather than the 7% and 10% awarded on the divorce judgment. Alternatively, Patrick argues the court should have explained why it instead imposed higher interest rates.

¶24 WISCONSIN STAT. § 815.05(8) provides:

> [E]very execution upon a judgment for the recovery of money shall direct the collection of interest at an annual rate equal to 1 percent plus the prime rate in effect on January 1 of the year in which the judgment is entered … on the amount recovered from the date of the entry of the judgment until it is paid.

Furthermore, "[t]he statute does not appear to permit the circuit court to prospectively set a fixed rate interest on future delinquencies other than as directed by the statute." *See **Dickau v. Dickau***, 2012 WI App 111, ¶35, 344 Wis. 2d 308, 824 N.W.2d 142. Neither party cited ***Dickau*** in their briefs, even though it appears to resolve this issue. This court will not abandon its neutrality to develop

arguments for a party. *Industrial Risk Insurers v. American Eng'g Testing, Inc.,* 2009 WI App 62, ¶26, 299 Wis. 2d 561, 729 N.W.2d 396.

¶25 Constance argues that a divorce judgment which sets forth an equalization payment due in the future does not constitute a judgment for the recovery of money due on the date of the judgment. She therefore argues that WIS. STAT. § 815.05(8), on its face, is inapplicable here.

¶26 Regardless of the merits of the parties' respective arguments, Patrick failed to file a reply brief on appeal, and, as such, he has not responded to Constance's argument that WIS. STAT. § 815.05(8) is inapplicable. He has therefore conceded that point. *See Charolais Breeding Ranches, Ltd. v. FPC Sec. Corp.*, 90 Wis. 2d 97, 109, 279 N.W.2d 493 (Ct. App. 1979). Accordingly, we reject Patrick's argument that the circuit court erred by failing to apply the interest rate set forth in § 815.05(8).

¶27 For the reasons set forth above, we reject Patrick's arguments regarding the circuit court's division of the parties' property, the award of attorney fees, and the applied interest rates. We therefore affirm the court's decision.

*By the Court*.—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.