COURT OF APPEALS
DECISION
DATED AND FILED

August 6, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2025AP134-CR**

Cir. Ct. No. **2023CT72**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT II

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

V.

ROBERT W. BERGHUIS,

   DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Calumet County: CAREY J. REED, Judge. *Affirmed*.

¶1   LAZAR, J.[1]   Robert W. Berghuis appeals from a judgment of conviction following a jury trial where he was found guilty of operating a motor

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(f) (2023-24). All references to the Wisconsin Statutes are to the 2023-24 version.

vehicle while intoxicated (OWI), second offense, pursuant to WIS. STAT. § 346.63(1)(a). Berghuis asserts that the evidence at trial was insufficient to support the verdict. For the reasons that follow, this court affirms.

## BACKGROUND

¶2      In May, 2023, at approximately 1:51 a.m., Officer George Beattie of the Calumet County Sheriff's Office was on patrol when he was sent to investigate a report of "a male who was possibly unconscious in a vehicle." A passerby had called emergency services after seeing a truck in a ditch with the motor still running and observing that the driver, the sole occupant of the vehicle, was asleep behind the wheel. As soon as the driver was awoken by the passerby, he began attempting to back the truck out of the ditch.

¶3      Within ten minutes from the time that the passerby called emergency services, Officer Beattie arrived and saw a white Ram pick-up truck partially in a field. The back end of the truck was "in the ditch line" and the front of the truck was "either right at the edge of the field or in it." When Beattie approached the vehicle, he observed that the vehicle's engine was running and that there was a single occupant, Berghuis, sitting in the driver's seat. Berghuis told Beattie that the roads were "slick," though Beattie testified at trial that there was no precipitation, heavy dew, or any other road condition that would make the roads slippery.

¶4      Beattie asked Berghuis to step out of the vehicle. Berghuis admitted that he had been drinking. When Beattie asked where Berghuis had driven from, Berghuis gave "quite the long pause" before responding that he was coming from Shawano. The first time that Beattie asked for a driver's license, Berghuis gave him a debit card. Beattie also observed that Berghuis' eyes were "glossy" and

2

"bloodshot" and that Berghuis was "emitting an odor of [an] intoxicant." Beattie did not observe any alcohol containers in the truck, but he did not search the truck. Beattie instructed Berghuis to perform standardized field sobriety tests. Upon his failure of those tests, Berghuis was arrested on suspicion of operating while under the influence.[2]

¶5 The State charged Berghuis with OWI and operating a vehicle with a prohibited alcohol concentration, both second offenses. A jury trial was held in October, 2024. At trial, Berghuis testified that he intentionally drove the truck down into the ditch in order to perform farming-related field work. He testified that, prior to driving down into the field, he attended a softball game in Shawano where he had consumed two or three beers. He then went to check on the field, driving his truck down into the ditch sometime between 10:15 and 11 p.m.

¶6 Berghuis claimed he had remained in the ditch from approximately 11:00 p.m. until Beattie's arrival at around 1:50 a.m. because he did not want to go to his home, which was located around "300 yards up the road," since he was having "problems with his family." After deciding not to go home, he took five "pulls," or drinks, from a bottle of Jack Daniels he had in the truck and fell asleep. Berghuis admitted that he was "definitely drunk" by the time that Beattie arrived. He also testified that, when the passerby woke him up, he was "startled" and "thr[e]w [the truck] into gear or reverse or something." Berghuis explained that, while he told Beattie that he had consumed five drinks, he was referring to the

---

[2] Before his arrest, Berghuis's preliminary breath test revealed a blood alcohol concentration of 0.137 grams per 100 milliliters. Pursuant to WIS. STAT. § 343.303, that result was not admissible at trial; the parties, however, stipulated at the jury trial that a blood test indicated a blood alcohol concentration of 0.162 grams per 100 milliliters. The blood alcohol level was never an issue at the jury trial, nor is it at issue in this appeal.

Jack Daniels that he drank after driving down into the ditch and that Beattie never asked when those five drinks were consumed. Berghuis also testified that the field in which he was partially parked is privately owned.

¶7    The trial court instructed the jury that WIS. STAT. § 346.63(1)(a) is violated by someone who "drives or operates a motor vehicle on a highway while under the influence of an intoxicant," and that "operate" refers to "the physical manipulation or activation of any of the controls of a motor vehicle necessary to put it in motion," while "highway" refers to "all public highways and thoroughfares and bridges on the same … includ[ing] the entire width between the boundary lines of every way open to use of the public as a matter of right for purpose of vehicular travel." Ultimately, the jury found Berghuis guilty of OWI, second offense, and not guilty of operating with a prohibited alcohol concentration.

¶8    On appeal, Berghuis argues that the evidence was insufficient to support the jury's verdict. Specifically, he asserts that the State failed to introduce evidence sufficient to prove that Berghuis operated his vehicle on a "highway" because the State relied entirely on Beattie's testimony that "the rear of the truck was in the ditch line, so the right of way within the boundary line [and] the front of the truck was either right at the edge of the field or in it." Berghuis asserts that "[t]he State failed to put forth any evidence as to how far the vehicle was off the road, or width of the road, width of the ditch, or width of any boundary lines of the roadway" and that both he and the passerby testified his truck was in the privately owned field.

4

## STANDARD OF REVIEW

¶9 When reviewing whether evidence was sufficient to support a conviction, this court "may not reverse a conviction unless the evidence, viewed most favorably to the state and the conviction, is so insufficient in probative value and force" that no reasonable trier of fact could have found guilt beyond a reasonable doubt. *State v. Poellinger*, 153 Wis. 2d 493, 501, 451 N.W.2d 752 (1990). While the review is independent, this court "view[s] the evidence most favorably to sustaining the conviction." *State v. Hanson*, 2012 WI 4, ¶15, 338 Wis. 2d 243, 808 N.W.2d 390. Thus, a defendant challenging a jury's verdict on grounds of insufficient evidence faces a "substantial burden." *Id.*, ¶31.

## DISCUSSION

¶10 Berghuis' argument relies heavily on the presumption that the jury's verdict was based upon a finding that he only drove while intoxicated after his truck was parked partially in the field and after the passerby "startled" him awake. In response, the State contends that the "jury could have [either] found [Berghuis] was intoxicated when he drove [to that field] from Shawano," or that the truck was within the boundaries of the "highway" when Berghuis kept trying to reverse and drive back up and out of the ditch. Whichever version the jury accepted as the trier of fact, the State argues, was based upon sufficient evidence.

¶11 From the very start, Berghuis placed the issue of sufficiency of evidence in general, and whether he drove the truck on a public highway while intoxicated in particular, at issue in the jury trial. Now, after the jury's guilty verdict, it is his sole issue on appeal. When looking to whether there was sufficient evidence to support a conviction, this court recognizes that the challenger "bears a heavy burden to show the evidence could not reasonably have

5

supported a finding of guilt." ***State v. Beamon***, 2013 WI 47, ¶21, 347 Wis. 2d 559, 830 N.W.2d 681. Berghuis has not met that burden.

¶12 An examination of the Record shows that the jury was presented with sufficient evidence. The jury heard testimony that, when initially contacted by Beattie, Berghuis explained *his departure* from the roadway was caused by "slick" conditions, despite Beattie's testimony that no such conditions were present. Even though, at trial, Berghuis claimed that he intentionally drove off the road in order to assess the condition of the field in his capacity as a farmer, he admitted that he kept attempting to reverse up the ditch to the road. It was the jury's obligation to resolve this inconsistency when assessing Berghuis' credibility. ***Royster-Clark, Inc. v. Olsen's Mill, Inc.***, 2006 WI 46, ¶26, 290 Wis. 2d 264, 714 N.W.2d 530 ("we do not second-guess the trier of fact in its credibility determinations"). Either way, the State presented testimony from which the jury could find that Berghuis was "operating" on a highway while under the influence: either that he drove on the road while intoxicated, or his efforts to reverse up the ditch (when he conceded he was drunk) crossed over the boundary of the public road.

¶13 Berghuis also made inconsistent statements regarding his consumption of alcohol. He testified that he only ever referenced beer when asked about his drinking history that night, despite his testimony that he decided to drink whiskey after deliberately parking in the field. These inconsistencies go right to the heart of Berghuis' contention that he became intoxicated after deliberately driving off the roadway and into the field. The question of where his truck ultimately ended up is not relevant to the OWI guilty verdict. The question is whether there was sufficient evidence presented to the jury to support the finding

that Berghuis had operated his truck on a highway while intoxicated either during his trip from Shawano or his efforts to leave the ditch. As detailed here, there was.

¶14 Moreover, despite Berghuis' arguments to the contrary, there need not be evidence that Berghuis was actually observed operating while intoxicated. "A criminal conviction can stand based in whole or in part upon circumstantial evidence." *State v. Paegelow*, 56 Wis. 2d 815, 821, 202 N.W.2d 916 (1973) (quoting *Bautista v. State*, 53 Wis. 2d 218, 223, 191 N.W.2d 725 (1971)). "The credibility of the witnesses and the weight of the evidence is for the trier of fact," and "we view the evidence in the light most favorable to the finding." *Paegelow*, 56 Wis. 2d at 821 (quoting *Bautista*, 53 Wis. 2d at 223).

¶15 In *Paegelow*, an analogous case, our supreme court held there was sufficient evidence to support a conviction for OWI where the defendant's car was located in a ditch, the defendant was located in the driver's seat, the engine was running, and the defendant made inconsistent statements regarding the timing of his consumption of alcohol. 56 Wis. 2d at 819-20. In *Paegelow*, the defendant testified that he drove off the road when he bent down to pick up a fallen cigarette and that he only became intoxicated after the crash when he began drinking a bottle of brandy while waiting for someone to come along and help him free his car. *Id.* at 819. The defendant contradictorily first stated that there had been no alcoholic beverages in the car. *Id.* at 822. While an eyewitness observed Paegelow drive by and then later observed the car in the ditch, the eyewitness did not observe the car leaving the roadway. *Id.* at 818. The supreme court concluded that the trial court (as trier of fact) had accepted the initial statements of Paegelow and that, together with the State's other evidence, it all "point[ed] to only one conclusion—that is, the defendant must have been under the influence of alcohol while driving his car on the road immediately prior to the time the car ran off the road." *Id.* at 822.

7

¶16 This case is remarkably similar to *Paegelow*. Berghuis was found in a ditch behind the steering wheel of a truck, which was running, and admitted to drinking. He made inconsistent statements regarding why his truck ended up in a ditch and about his drinking history. As in *Paegelow*, the "trier of fact simply disbelieved the defendant's version [of events] given at the trial," *id.* at 821, specifically, that Berghuis was not intoxicated before he drove off the road and that he only became intoxicated after deliberately driving into the field.

¶17 The jury assessed the credibility of all witnesses in this appeal, including Berghuis, and found that Berghuis did operate his truck on a highway— either prior to or after driving into a ditch—while he was impaired by alcohol. That was a reasonable inference rationally drawn after consideration of all of the evidence, and as such, it is an inference this court must adopt. *Id.* at 822. Moreover, the evidence, viewed most favorably to the State, that Berghuis *was* intoxicated when he drove on a public highway, is not so insufficient in probative value and force that no reasonable jury could have found Berghuis guilty of OWI. *See Poellinger*, 153 Wis. 2d at 501. Accordingly, Berghuis has failed to meet his heavy burden of proof, and this court affirms.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.