COURT OF APPEALS
DECISION
DATED AND FILED

November 26, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2025AP1179-CR**

Cir. Ct. No. **2020CM306**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT II

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

CLINTON J. ADAMS,

DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Manitowoc County: JERILYN M. DIETZ, Judge. *Affirmed.*

¶1 LAZAR, J.[1] Clinton J. Adams appeals from his judgment of conviction for the misdemeanor of knowingly violating a domestic abuse

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(f) (2023-24). All references to the Wisconsin Statutes are to the 2023-24 version.

injunction, as a repeater, contrary to WIS. STAT. §§ 813.12(4), (8)(a), and 939.62(1)(a). He argues that the trial evidence was insufficient to support a conviction beyond a reasonable doubt. This court affirms, concluding that the evidence at trial was sufficient to support Adams's conviction.

¶2      At trial, Hailey[2] testified that she and Adams were in a relationship for approximately eleven years before Hailey received an order of protection against Adams in Manitowoc County on November 14, 2019, effective until November 14, 2029. The order of protection required that Adams avoid contacting Hailey and causing any person other than one of their attorneys or a law enforcement officer to contact Hailey, unless Hailey consents in writing, where "[c]ontact includes: contact … by electronic communication or device …." (Emphasis omitted.)

¶3      Hailey further testified that while she and her daughter were on vacation during March 2020, Hailey's daughter received a Facebook message from Clinton John Adams that read, "I need to speak with your mom asap[.]" Hailey did not provide her consent for Adams to contact her via her daughter. Upon returning from vacation, Hailey reported the contact attempt to the Kiel Police Department and provided law enforcement with a screenshot of the message.

¶4      Hailey's daughter testified and confirmed that she was on vacation with her mother when she received the Facebook message, took a screenshot of it,

---

[2] Pursuant to the policy underlying WIS. STAT. RULE 809.86, we use a pseudonym for the victim.

and sent it to her mother. She indicated she knew the message came from Adams because "the name was Clinton J[ohn] Adams."

¶5 A representative from the clerk of circuit court testified regarding the authenticity of the injunction and proof of service.

¶6 Officer Joseph Van Oss of the Kiel Police Department testified that he had been an officer for almost 4 years, he is trained in multiple different specialties, and he receives 24 hours of training every year. He testified that he was familiar with Facebook, knows that a user has to log in, knows that Facebook accounts are password protected, knows that Facebook accounts are "associated with individual[] emails[,]" and knows that "Facebook profiles and messages list the given names on those profiles[.]" He testified that he was the investigator on the case, and that Hailey provided him with a screenshot of the message. After reviewing the underlying injunction, he referred a "charge of violating a no contact" to the district attorney's office.

¶7 The jury returned a verdict of guilty. At sentencing on October 23, 2023, the trial court ordered Adams to serve six months in the Manitowoc County Jail with Huber work release privileges.

¶8 An appellate court upholds a jury's verdict "unless the evidence, viewed most favorably to the State and to the conviction, is so insufficient as a matter of law that no reasonable trier of fact could have found guilt beyond a reasonable doubt." *State v. Doss*, 2008 WI 93, ¶21, 312 Wis. 2d 570, 754 N.W.2d 150 (citing *State v. Poellinger*, 153 Wis. 2d 493, 501, 451 N.W.2d 752 (1990)).

¶9 "[A] defendant challenging the sufficiency of the evidence bears a heavy burden to show the evidence could not reasonably have supported a finding

of guilt." ***State v. Beamon***, 2013 WI 47, ¶21, 347 Wis. 2d 559, 830 N.W.2d 681. An appellate court's review is "very narrow[,]" and the court must "give great deference to the determination of the trier of fact." ***State v Hayes***, 2004 WI 80, ¶57, 273 Wis. 2d 1, 681 N.W.2d 203 (citing ***Poellinger***, 153 Wis. 2d at 507). "[T]he trier of fact is the sole arbiter of the credibility of witnesses and alone is charged with the duty of weighing the evidence." ***State v. Below***, 2011 WI App 64, ¶4, 333 Wis. 2d 690, 799 N.W.2d 95.

¶10 "If any possibility exists that the trier of fact could have drawn the appropriate inferences from the evidence adduced at trial to find the requisite guilt, an appellate court may not overturn a verdict even if it believes the trier of fact should not have found guilt based on the evidence before it." ***Poellinger***, 153 Wis. 2d at 507. "[I]f more than one reasonable inference can be drawn from the evidence, we must adopt the inference that supports the verdict." ***State v. Mertes***, 2008 WI App 179, ¶10, 315 Wis. 2d 756, 762 N.W.2d 813 (citing ***Poellinger***, 153 Wis. 2d at 506-07). Whether the evidence is direct or circumstantial, the sufficiency of the evidence test is the same. ***Poellinger***, 153 Wis. 2d at 501.

¶11 To prove Adams was guilty of violating an injunction, the jury had to find that: (1) an injunction was issued against Adams, (2) Adams committed an act that violated the terms of the injunction, and (3) Adams knew that the injunction had been issued and knew that his acts violated its terms.

¶12 Adams does not dispute that there was an injunction issued against him of which he was knowledgeable and that one of the terms of the injunction is no third-party contact with Hailey. He disputes that the jury had sufficient evidence to support its finding that Adams committed the act of sending the Facebook message to Hailey's daughter that violated the terms of the injunction.

¶13 The State presented evidence from which a jury could reasonably infer that Adams sent Hailey's daughter the Facebook message in an attempt to make contact with Hailey. The jury heard testimony from Hailey that she saw the screenshot of a Facebook message from "Clinton John Adams" reading "I need to speak with your mom asap[.]" The jury heard from Hailey's daughter, who confirmed that she received the Facebook message, took a screenshot of it, and sent it to her mother. The jury heard from Officer Van Oss, who investigated Hailey's complaint. He testified that he is familiar with Facebook, that he knows that a user has to log into a password-protected Facebook account that is associated with the individual's email address, and that he knows that Facebook profiles are identifiable by names. From these facts, a jury could reasonably conclude that Adams sent the Facebook message to Hailey's daughter in an attempt to contact Hailey.

¶14 At trial, Adams questioned Officer Van Oss to ascertain whether in his investigation, Van Oss determined the authenticity of the Facebook message. While Van Oss testified that he did not contact Facebook to verify authenticity, the inquiry did not elicit any reason to suspect that the Facebook message was not genuine, or that it was sent by someone other than Adams. Adams had the opportunity to rebut the facts that supported the State's case. Adams offered no contrary evidence for the jury to consider as an alternative to the reasonable inference that the Facebook message sent by "Clinton John Adams" to Hailey's daughter requesting to speak to her mother originated from Adams. Adams generally reasons that "[i]n the era of spam emails and spam messaging, phishing emails and phishing messaging, … the jury is being asked to guess about the source of the message." In challenging the sufficiency of the evidence, Adams

5

does not meet his "burden to show the evidence could not reasonably have supported a finding of guilt." ***Beamon***, 347 Wis. 2d 559, ¶21.

¶15 This court cannot conclude that the evidence is so insufficient as a matter of law that no reasonable trier of fact could have found guilt beyond a reasonable doubt. Accordingly, the evidence was sufficient to permit the jury, acting reasonably, to find Adams guilty of violating the injunction.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.